Alexander (Zander) Blewett, III
Kurt M. Jackson
HOYT & BLEWETT PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT  59403-2807
Phone: (406) 761-1960
Fax: (406) 761-7186
E-mail:  zblewett@hoytandblewett.com
         kmj@hoytandblewett.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

* * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DONALD K. LINDSAY and<br>MARGARET A. LINDSAY,<br>    Plaintiffs,<br><br>v.<br><br>COBRA TRUCKING, INC.,<br>    Defendant. | Cause No.<br><br>Judge:<br><br><br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

* * * * * * * * * * * * * * * * * * * * *

For their claims against Defendant, Plaintiffs state and allege as follows:

## **PARTIES**

1.      Plaintiffs, Donald K. Lindsay and Margaret A. Lindsay, are the parents and duly appointed co-personal representatives of the estate of their son, Jeffrey D. Lindsay, who was injured and subsequently died in a motor vehicle accident on August 3, 2011, on U.S. Highway 87 north of Billings, Yellowstone County, Montana.

2.      At all times material herein, Plaintiffs and their son, Jeffrey D. Lindsay, were all residents and citizens of the State of South Dakota.

3.      Defendant Cobra Trucking, Inc. (hereinafter Cobra), is and was at all

times material herein a corporation and citizen of the state of Wyoming, with its principal place of business in Casper, Wyoming.

## JURISDICTION AND VENUE

4.    Plaintiffs restate and reallege each and every fact and allegation stated in ¶¶ 1-3.

5.    The amount in controversy, excluding interest and costs, exceeds $75,000 for each Plaintiff and, therefore, this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, diversity of citizenship.

6.    Venue for this action is proper in the Billings Division of this Court, pursuant to § 25-2-122, MCA, because the subject motor vehicle accident occurred in Yellowstone County, Montana.

## COUNT I - NEGLIGENCE

7.    Plaintiffs restate and reallege each and every fact and allegation stated in ¶¶ 1-6.

8.    On August 3, 2011, Randall W. Dwyer (hereinafter Dwyer), was operating a 1999 Freightliner conventional semi-truck southbound on U.S. Highway 87 at approximately mile marker 16 north of Billings, Yellowstone County, Montana.  Dwyer was en route from Roundup, Montana to Casper, Wyoming, and was returning to Casper to pick up another load after delivering a load of fracking sand as the employee and/or agent of Defendant Cobra.

9.    On July 18, 2011, Dwyer started hauling fracking sand for Cobra and between July 18 and August 3, 2011, Dwyer had hauled 16 loads of fracking sand for Cobra.  Cobra is a trucking company located in Casper, Wyoming and hauls fracking sand to well sites in Wyoming, Montana and Colorado.

10.    In the summer of 2011, Cobra was under contract with Halliburton and other well service companies to haul fracking sand.  Cobra did not have enough of its own employees, tractors or trailers to handle all of the loads

available under the Halliburton contract. To keep up with the work available under the Halliburton contract, Cobra contracted with owner/operators, including Dwyer.

11. Cobra maintained a running list of available drivers and as loads became available, Cobra offered the load to the driver at the top of the list. If the driver at the top of the list declined the load or was unavailable, that driver was moved to the bottom of the list and the load was offered to the next driver on the list.

12. Once a driver accepted a load from Cobra, he was obligated to pick up the load at the rail spur in Casper and Cobra employees assisted in the loading process. A bill of lading was completed by a Cobra employee and listed Cobra as the carrier.

13. On August 3, 2011, at the same time and place that Dwyer was operating the semi-truck southbound on U.S. Highway 87 at approximately mile marker 16 north of Billings, Yellowstone County, Montana, Plaintiffs' son, Jeffrey D. Lindsay, was riding as a passenger in a 2000 Jeep Wrangler heading northbound on U.S. Highway 87.

14. As the semi-truck and Jeep approached one another from opposite directions, the semi-truck operated by Dwyer illegally crossed the centerline and first collided with a northbound 1996 Chevy Cavalier and then subsequently collided with the Jeep, forcing it to leave the highway, overturn and catch on fire.

15. The semi-truck's collision with the Chevy Cavalier and the semi-truck's subsequent and separate collision with the Jeep constituted two separate and independent accidents separated by time and distance.

16. As a direct, proximate, and substantial cause of the semi-truck's separate, independent and distinct collision with the Jeep, Jeffrey D. Lindsay suffered severe personal injuries from which he subsequently died.

17. The subject collision and Jeffrey D. Lindsay's severe personal injuries and subsequent death were directly, proximately, and substantially caused by the negligence, negligence *per se*, and wrongful and illegal misconduct of Dwyer, while operating for Cobra, in driving while distracted; in illegally crossing the centerline of Highway 87 in violation of § 61-8-321, MCA; in failing to keep a proper lookout for oncoming traffic; in falsifying log books; in failing to obtain travel permits; and in otherwise failing to use due care under the circumstances.

18. Plaintiffs, as the surviving parents and co-personal representatives of Jeffrey D. Lindsay's estate, are entitled to recover all damages for the wrongful death of Jeffrey D. Lindsay, including damages for loss of society, comfort, guidance, education, care, protection and companionship, grief, sorrow and mental anguish, medical and funeral expenses and all other damages as may be just, pursuant to § 27-1-513, MCA, and § 27-1-323, MCA.

19. As a direct, proximate and substantial cause of the subject collision and Dwyer's and Cobra's negligence, negligence *per se* and wrongful and illegal misconduct as hereinabove alleged, Jeffrey D. Lindsay suffered severe personal injuries from which he subsequently died and Plaintiffs are entitled to recover all survivorship damages on behalf of the estate of Jeffrey D. Lindsay, pursuant to § 27-1-501, MCA, including the present value of Jeffrey D. Lindsay's reasonable earnings, earning capacity and fringe benefits after the date of death during the remainder of his life expectancy and all other survivorship damages.

20. Cobra was legally obligated to transport the fracking sand in Dwyer's truck on August 3, 2011, based on Cobra's contractual relationship with Halliburton.

21. The bill of lading for the load of fracking sand carried by Dwyer in this case was issued by a Cobra employee and Cobra was listed as the carrier for

the August 3 load of fracking sand.

22. Cobra hired Dwyer to haul the load of fracking sand on its behalf from Wyoming to Montana and Cobra knew or should have known that Dwyer was an unsafe, fatigued and incompetent driver and was negligent in hiring and employing him to transport the load, which Cobra was legally bound to transport under its contract with Halliburton.

23. Cobra's conduct in transporting the load in question was subject to the Motor Carrier Safety Act and all rules and regulations applicable thereto.

## COUNT II - LIABILITY UNDER MOTOR CARRIER SAFETY ACT

24. Plaintiffs restate and reallege each and every fact and allegation stated in ¶¶ 1-23.

25. Defendant Cobra is liable for the negligent conduct of Dwyer under the Motor Carrier Safety Act and all rules and regulations applicable thereto.

## RELIEF

26. Plaintiffs restate and reallege each and every fact and allegation stated in ¶¶ 1-25.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant, Cobra Trucking, Inc., as follows:

   a. For all wrongful death and survivorship damages under Montana law, pursuant to Count I, plus Plaintiffs' costs and disbursements incurred herein and for such further relief as may be justified under the circumstances;

   b. For all wrongful death and survivorship damages under Montana law, pursuant to Count II, plus Plaintiffs' costs and disbursements incurred herein and for such further relief as may be justified under the circumstances.

  c. For Plaintiffs' costs and disbursements incurred herein; and,

  d. For such further relief as may be justified under the circumstances.

DATED this 1st day of day of March, 2013.

        HOYT & BLEWETT PLLC


        /s/ Kurt M. Jackson
        Alexander (Zander) Blewett, III
        Kurt M. Jackson
        Attorneys for Plaintiffs

### **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all issues.

DATED this 1st day of March, 2013.

        HOYT & BLEWETT PLLC


        /s/ Kurt M. Jackson
        Alexander (Zander) Blewett, III
        Kurt M. Jackson
        Attorneys for Plaintiffs